UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARIELA DE LA ROSA,

Individually and as the Personal
Representative and Administrator of the
Estate of Felix Antonio De La Rosa Alvarez,

          Plaintiff,

     -against-

UNITED STATES OF AMERICA ET AL.,

          Defendants.

-------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
1:20-cv-01128 (CBA) (MMH)

**AMON, United States District Judge:**

## BACKGROUND

Plaintiff Mariela De La Rosa brought this wrongful death action on behalf of her father, Felix Antonio De La Rosa Alvarez, against the United States of America, Christopher Reid, Bruce Bialor, Duvinka Jordan, J.F.K. Advanced Medical P.C. ("JFK Medical"), Manuel Ceja ("Ceja"), John Does 1-10, George Ioannidis, Priyesh Patel, B.V. Reddy, and Citimedical I PLLC ("Citimed"). Her claims arose out of her father's death while he was in federal custody between February and March 2018. (See ECF Docket Entry ("D.E.") # 95 ("Third Amended Complaint") ¶¶ 88-124.) Plaintiff settled or dismissed her claims against all Defendants except JFK Medical, Ceja, and Citimed. (D.E. ## 110 (dismissing claims against Priyesh Patel and B.V. Reddy), 144 (approving settlement with Government defendants).)

Plaintiff proceeded to a jury trial on her remaining medical malpractice claim against the three Defendants—Ceja, JFK Medical, and Citimed—on October 20, 2025. (See D.E. # 236.) Ceja was the doctor who treated the Decedent while he was in federal custody. JFK Medical, Ceja's employer, was the clinic where the Decedent was treated. Citimed owns JFK Medical.

1

Shortly before the jury was charged, Citimed reached a settlement with Plaintiff. On October 27, 2025, the jury returned a verdict in favor of Plaintiff and awarded her and her siblings the damages as reflected in the following chart.

| Damages | Amount |
|---|---|
| Funeral expenses | $ 20,000.00 |
| Punitive damages | $ 3,000,000.00 |
| Loss-of-parental-guidance damages awarded to each of Decedent's children: | |
| Soanny De La Rosa Padilla | $ 350,000.00 |
| Juan Alexander De La Rosa Santana | $ 350,000.00 |
| Rachelly De La Rosa | $ 350,000.00 |
| Mariela De La Rosa | $ 500,000.00 |
| Jose Antonio Fernandez Capellan | $ 200,000.00 |
| Isandra De La Rosa Encarnacion | $ 200,000.00 |
| Juan Jose De La Rosa Aybar | $ 200,000.00 |

(D.E. # 246 at 4.) The jury also found Felix Antonio De La Rosa Alvarez, Decedent, was 47% at fault for his own death. (Id. at 2.) The jury further found that Decedent's treating physician, Ceja, was acting within the scope of his employment when he treated De La Rosa beginning in February 2018. (Id. at 4.) I entered judgment in this case on January 6, 2026. (D.E. ## 263-64.)

Defendants filed a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) and a motion for a new trial under Federal Rule of Civil Procedure 59(a)(1). (D.E. # 257.) I granted in part and denied in part that motion. (D.E. # 281.) As relevant here, I granted Defendants' new trial motion unless Plaintiff agreed to remittitur of the punitive-damages award from $3,000,000 to $1,500,000, Plaintiff's compensatory-damages award from $500,000 to $350,000, Isandra De La Rosa Encarnacion's compensatory-damages award from $200,000 to $100,000, and Juan Jose De La Rosa Aybar's compensatory-damages award from $200,000 to $100,000. (Id. at 41.) I independently reduced the funeral-expenses-damages award

2

to $9,000. (Id.) Plaintiff elected remittitur rather than a new trial. (D.E. # 283.) I now accordingly enter an amended judgment.[1]

## DISCUSSION

In entering this amended judgment, I change neither my original method of calculating the damages awarded to Plaintiff nor the legal conclusions that supported those calculations when I first entered judgment in this case. (D.E. # 263 at 3-11.) This judgment is amended only to reflect Plaintiff's acceptance of the remittitur. In the interest of clarity and thoroughness, however, I briefly reiterate my conclusions here.

First, the punitive-damages award is not subject to comparative fault reductions. (Id. at 3.) Second, JFK Medical is vicariously liable for the punitive damages. (Id. at 3-5.) Funeral expenses and punitive damages do not accrue pre-judgment interest, but the entire judgment is subject to post-judgment interest, both at the rate of 9% per annum. (Id. at 5-6, 10-11.) All damages except punitive damages should be reduced to reflect the settlements reached with the Government and with Citimed. (Id. at 6-9.)

I accordingly calculate the damages award in the tables below.

---

[1] Defendants filed a notice of appeal in the United States Court of Appeals for the Second Circuit after I first entered judgment but when their Federal Rules of Civil Procedure 50 and 59 motion was still pending. (See D.E. ## 266, 276, 282; Minute Entry Dated 1/15/2026.)  Pursuant to Ortiz-Del Valle v. N.B.A., which states that "[w]here the plaintiff elects the remittitur, the defendant's time for filing the notice of appeal runs from the date of entry of the amended judgment reduced as a result of the remittitur," 190 F.3d 598, 600 (2d Cir. 1999) (per curiam), I retain jurisdiction of this case to enter this final judgment based on my order addressing Defendants' Federal Rules of Civil Procedure 50 and 59 motions.

Unadjusted Damages After Remittitur

| Damages | Amount |
|---|---|
| **Funeral expenses** | $ 9,000.00 |
| **Punitive damages** | $ 1,500,000.00 |
| **Loss-of-parental-guidance damages awarded to each of Decedent's children:** | |
| Soanny De La Rosa Padilla | $ 350,000.00 |
| Juan Alexander De La Rosa Santana | $ 350,000.00 |
| Rachelly De La Rosa | $ 350,000.00 |
| Mariela De La Rosa | $ 350,000.00 |
| Jose Antonio Fernandez Capellan | $ 200,000.00 |
| Isandra De La Rosa Encarnacion | $ 100,000.00 |
| Juan Jose De La Rosa Aybar | $ 100,000.00 |

Damages Reflecting Proportional Offsets of the Citimed and Government Settlements

First, I calculated the percentage of total damages (excluding punitive damages) that a given award represented. I then multiplied that percentage by the total amount of settlements ($125,000 + $225,000) and subtracted the proportional amount of the settlements from each item of damages (excluding punitive damages).

| Damages adjusted for settlements | Amount |
|---|---|
| **Funeral expenses** | $ 7,258.71 |
| **Punitive damages** | $ 1,500,000.00 |
| **Loss-of-parental-guidance damages awarded to each of Decedent's children:** | |
| Soanny De La Rosa Padilla | $ 282,283.03 |
| Juan Alexander De La Rosa Santana | $ 282,283.03 |
| Rachelly De La Rosa | $ 282,283.03 |
| Mariela De La Rosa | $ 282,283.03 |
| Jose Antonio Fernandez Capellan | $ 161,304.59 |
| Isandra De La Rosa Encarnacion | $ 80,652.29 |
| Juan Jose De La Rosa Aybar | $ 80,652.29 |

Damages Reflecting Comparative Fault

Next, I reduced all items of damages (except punitive damages) by the 47% that the jury

determined the Decedent was at fault for his own death.

| Damages adjusted for comparative fault | Amount |
|---|---|
| Funeral expenses | $      3,847.11 |
| Punitive damages | $ 1,500,000.00 |
| Loss-of-parental-guidance damages awarded to each of Decedent's children: | |
| Soanny De La Rosa Padilla | $      149,610.01 |
| Juan Alexander De La Rosa Santana | $      149,610.01 |
| Rachelly De La Rosa | $      149,610.01 |
| Mariela De La Rosa | $      149,610.01 |
| Jose Antonio Fernandez Capellan | $      85,491.43 |
| Isandra De La Rosa Encarnacion | $      42,745.72 |
| Juan Jose De La Rosa Aybar | $      42,745.72 |

Interest Calculations

Finally, I calculate the pre-judgment interest due on the damages award. 3,041 days have

passed between Decedent's death on March 3, 2018 and today, June 30, 2026. Divided by 365

days, that period amounts to roughly 8.33 years since Mr. De La Rosa died. The pre-judgment

interest rate is 9% per annum. N.Y. C.P.L.R. § 5004. Adding together the loss-of-parental-

guidance awards after discounts totaled a principal of $769,422.89. Multiplying the principal by

the interest rate and the number of years yielded a total of $576,940.68 in accrued pre-judgment

interest. I then added this amount to the principal, punitive damages, and funeral expenses

(adjusted for comparative fault and settlement amounts), and totaled $2,850,210.68. This amount

will also accrue post-judgment interest at 9% per annum. Id.

## CONCLUSION

The Clerk of Court is respectfully directed to enter judgment in accordance with this Memorandum and Order and grant Plaintiff $2,850,210.68, which includes pre-judgment interest at a rate of 9% per annum. This amount will also accrue post-judgment interest at 9% per annum.

SO ORDERED.

Dated: June 30, 2026
Brookyln, New York

s/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge

6